IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY W. RUSSELL : | Case No. 2:13-cv-601 | |
| 1981 Willow Glen Lane | | |
| Columbus, Ohio  43229, : | | |
| Plaintiff, : | Judge _____ | |
| v. : | | |
| JACOB J. LEW : | Magistrate Judge _____ | |
| Secretary | | |
| United States Department of the Treasury : | | |
| 1500 Pennsylvania Avenue, NW | | |
| Washington, D.C.  20220, : | | |
| Defendant. : | | |

**COMPLAINT**
**Jury Demand Endorsed Hereon**

For her Complaint against the Defendant, Jacob J. Lew, Secretary of the Department of the Treasury, Plaintiff Tammy W. Russell states as follows:

**Parties**

1. The Plaintiff, Tammy W. Russell, is and was at all times relevant to the issues in this Complaint, an employee of the Internal Revenue Service, an agency of the United States Department of the Treasury.

2. The Defendant, Jacob J. Lew, is the Secretary of the Department of the Treasury and is the appropriate named defendant in this action pursuant to 42 U.S.C. §2000e-16(c).

**Jurisdiction and Venue**

3. The Plaintiff's claim arises under the Rehabilitation Act, 29 U.S.C. §791, and an agency of the United States is a party-defendant. The Court has jurisdiction under 28 U.S.C. §1331.

4. One or more of the acts complained of occurred in Franklin County, Ohio. Venue is proper in the Eastern Division of the Southern District of Ohio.

**Facts**

5. Plaintiff Tammy W. Russell is an employee of the Internal Revenue Service.

6. In or about April, 2006, Russell initiated an action with the Equal Employment Opportunity Commission alleging that Defendant had discriminated against her on account of her association with her son, Dillon, who suffers from autism.

7. Subsequently Russell commenced a legal action in the United States District Court for the Southern District of Ohio, Case No. 2:09-cv-975 (hereinafter "Prior Litigation"), alleging, *inter alia*, that Defendant had engaged in discrimination in violation of the Rehabilitation Act.

8. During the pendency of the Prior Litigation, Russell sought administrative leave to attend depositions and otherwise to participate in the Prior Litigation.

9. For a time, Defendant approved her requests for leave. Subsequently, however, Defendant informed her that she would no longer be permitted to take administrative leave for purposes of her participation in the Prior Litigation.

10. In or about June 2012, Russell filed a charge with the Equal Employment Opportunity Commission alleging that Defendant refused her requests for administrative leave as a means of retaliating against her for pursuing the Prior Litigation.

11. On October 22, 2012, Russell filed with the Equal Employment Opportunity Commission a formal request for a hearing.

12. Russell's charge has remained pending before the EEOC beyond the statutory 180 day limitation.

13. Russell has therefore exhausted her administrative remedies and is entitled to bring this action.

## Count I – Retaliation in Violation of the Rehabilitation Act

14. The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

15. Russell brings this claim under the Rehabilitation Act, 29 U.S.C. §791.

16. Russell was at all times relevant to this action engaged in a protected activity, namely the filing of an action with the EEOC and the subsequent prosecution of a claim of discrimination in this Court.

17. Defendant was at all times aware that Russell was engaged in a protected activity.

18. Defendant initially approved, then later denied, Russell's requests for administrative leave.

19. Defendant denied Russell's requests for leave for the purpose of retaliating against her for pursuing her protected rights.

20. As a result of Defendant's actions, Russell has been denied the right to a benefit to which she is otherwise entitled.

WHEREFORE, Russell demands judgment in her favor and against Defendant as follows:

A. An Order directing Defendant to reinstate retroactively Russell's administrative leave;

B. For additional compensatory damages in an amount to be determined at trial;

C. Pre-judgment and post-judgment interest;

D. Attorney's fees and the costs of this action; and

E. Such other and further relief as the Court deems to be equitable and just.

      /s/ Tony C. Merry
Tony C. Merry    (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
3300 Riverside Drive, Suite 125
Columbus, Ohio  43221
(614) 372-7114
(614) 372-7120 [fax]
tmerry@tmerrylaw.com

**Jury Demand**

Plaintiff demands trial by jury.

      /s/ Tony C. Merry